No. 9830.

STRAUGHAN ET AL. *v.* WHITE.

VENDOR AND VENDEE.— *Contract.—Decree of Specific Performance.—Judicial Sale.—Married Woman.—Statute Construed.* —A decree for specific perform- ance of a husband's contract for the sale of lands, executed by a deed to the purchaser by a commissioner appointed for that purpose, is not a judicial sale, and does not, under the statute (R. S. 1881, sections 2508– 2511), convert the wife's inchoate interest into a vested estate.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellants. *W. Irvin,* for appellee.

MORRIS, C.—The appellee commenced this suit against the appellant for the partition of certain real estate, she claiming to be the owner of one-third of the same in fee. Others were made defendants to said suit, as encumbrancers by virtue of mortgages executed by said Straughan on the land in contro- versy, and as his judgment creditors. Straughan answered the complaint, and also filed a cross complaint, in which he alleged that he was the owner in fee of said real estate; that the appellee pretended to own a part of it, and asking that his title might be quieted.

The cause was submitted to the court for trial. At the re- quest of the appellant the court found the facts specially, and stated the conclusions of law thereon. The finding is as follows:

"The plaintiff, Mary White, is now, and for many years has been, the wife of Bloomfield White; that during their marriage said Bloomfield acquired by purchase the title in fee to, and possession of, the following described lands in Hendricks county and State of Indiana, to wit: The southeast quarter of the northeast quarter of section 11, in township 16 north, of range 2 west; that on the 15th day of September, 1880, the defendant Elisha M. Straughan instituted suit in the Hen- dricks Circuit Court against the said Bloomfield White, to enforce the specific performance of a parol contract of said

White to convey said lands to said Straughan ; that such pro-
ceedings were had in said suit as resulted in a decree of said
court ordering said White to convey said land to said Straughan,
and, upon his failure so to do, one Charles F. Bowen was ap-
pointed by the court a commissioner to execute said convey-
ance ; that said White failed and refused to convey said land
as directed by the court. Whereupon said Bowen, upon the
order of said court, as such commissioner, did convey the same
to said Straughan by a deed duly executed as such, which do-
ings of said commissioner were duly reported by him to the
court, and by the court confirmed, and said deed presented by
him to the court for examination and approval, and said deed
examined and approved by the court, and the approval of the
court endorsed thereon, which deed said commissioner was
by the court ordered to deliver, and which was by him de-
livered to said Straughan, which deed was by said Straughan
filed in the recorder's office of Hendricks county, and the
same, together with the approval of the court, recorded in the
deed record of said county. And the court further finds that
the plaintiff, Mary White, was not a party to said suit, and
that her inchoate interest in said real estate was not by said
decree and judgment of the court directed to be sold, con-
veyed or barred. And upon the foregoing facts the court
draws the following conclusions of law :

"1st. That the conveyance of said real estate by said com-
missioner, under the direction and decree of the court, was a
judicial sale, and the interest of Bloomfield White in and to
the same became vested and absolute in the defendant Elisha
M. Straughan, under said deed.

"2d. That the inchoate interest of the plaintiff, Mary White,
in said real estate thereby became vested and absolute in her
in fee, and that she is entitled to have partition of said land."

The appellant properly excepted to the conclusions of law
stated by the court. Such further proceedings were had as that
partition was made and one-third of the land assigned and

adjudged to the appellee in fee. The conclusions of law stated by the court are assigned as error.

In support of the conclusions of law stated by the court below, the appellee insists that the proceedings in the suit instituted by Straughan in the Hendricks Circuit Court to compel Bloomfield White to perform his contract to convey to the appellee the land in controversy amounted to a judicial sale of it by the court; that the execution of a conveyance by a commissioner appointed by the court for that purpose vested in the appellant absolutely the title of Bloomfield White, matured the inchoate interest of the appellee in the land, and, under the act of the 11th of March, 1875, in relation to married women, vested in her, as the wife of Bloomfield White, a ·title in fee to one-third of said real estate.

On the other hand, the appellant contends that the proceedings in the Hendricks Circuit Court, by which he obtained the specific performance of said contract, did not amount to a sale of the land at all, but was simply the consummation of a sale made by said White to him.

Proceedings to compel the specific performance of a contract for the sale and conveyance of land are destitute of every element that constitutes a judicial sale. Such a sale is founded upon the judgment and decree of the court, to which it always relates and from which it takes effect. In such sales the price and conditions are usually fixed and determined by the court, and, in sales strictly judicial, they must be confirmed by the court. It is true that, under said act of 1875, sheriff's sales may be regarded as judicial sales, but as the proceedings by which the appellant enforced his contract with Bloomfield White have no resemblance whatever to a sheriff's sale, it is quite immaterial whether such sales are regarded as judicial sales or otherwise. If there was any judicial sale in this case, it was strictly and technically such.

Bloomfield White, being the owner of the land in controversy, subject only to the contingent right of the appellee, as his wife, to one-third of it in fee in case she should survive

him, had a right to contract to sell and convey to the appellant this precise interest. This he did, and his deed to the appellant in consummation of the contract would have passed to him the entire title to the land, subject only to the right of the appellee to one-third of it in case she should survive her husband. The contract of Bloomfield White to sell and convey the land to the appellant gave the latter an equity in his entire interest; and, upon the performance of the contract of purchase on the part of the appellant, he became the owner in equity of the entire interest of his vendor, who, from that time forward, held the naked legal title in trust for the appellant. The object of the proceeding for specific performance was to compel a transfer, pursuant to the terms of the original contract, of the mere legal title held in trust by Bloomfield White for the appellant, the possession and beneficial interest in the land having already passed to him. The decree of the court compelling a conveyance of this title must, it would seem, have changed the contract, or passed to the appellant the title of Bloomfield White to the land as completely and fully as his own deed, made pursuant to the contract, could have passed it.

The contract, by which Bloomfield White agreed to sell and convey the land to the appellant, was the principal act or thing, and to it, as such, the deed subsequently made by the order of the court had relation, and it will be deemed to have taken effect, from the date of the contract, just as would the deed of White had he conveyed to the appellant. It would be strange, indeed, if the deed which the court ordered its commissioner to execute, because White had refused or failed to make the deed himself, which the court had ordered him to make, was less effective to convey the title than a deed from White, made pursuant to the contract, would have been. The court might, by attachment, have compelled White to convey. Did it not accomplish the same thing by causing its commissioner to execute a deed for him? Had White come forward and executed the deed, it would, in legal contemplation, have been

done in performance of his contract, and none the less so because he had been ordered to do it by the court. This he should have done, but did not. The court was authorized, by his failure to comply with its order, to empower another to transfer the title which he had agreed to make to the appellant. The court exercised this power, and the deed of its commissioner had the same effect precisely, and passed to the appellant the same interest and title which the deed of Bloomfield White would have passed.

As before remarked, Bloomfield White owned the land, subject only to the contingent right of the appellee to one-third of it in case she survived him. This interest he might lawfully agree to sell and convey. He did agree to sell and convey it to the appellant. The Hendricks Circuit Court had power to compel him to perform this contract. This it did, and caused a conveyance of his interest to be duly executed to the appellant. It must be held, we think, that the action of the court consummated the contract, and vested in the appellant all the title to the land which Bloomfield should and could have transferred to him.

It is said by the appellee that the act of 1875 should be liberally construed, and that the cases of *Roberts* v. *Shroyer*, 68 Ind. 64, and *Ketchum* v. *Schicketanz*, 73 Ind. 137, are decisive of the question here involved. We do not think so.

The act referred to should be fairly and liberally construed, but it should not receive such a construction as will confer upon married women rights not contemplated by the words or spirit of the act. Neither the words nor the spirit of the act give to a married woman a vested interest in the lands of the husband during his life, unless his title to the land has passed from him and vested in another by judicial sale. This is distinctly held in the case of *Roberts* v. *Shroyer, supra.* It was held in both the above cases, and the same has been held in others, that the adjudication of the bankruptcy of the husband, and the transfer, pursuant to such adjudication, of his

Straughan *et al. v.* White.

real estate to his assignee in bankruptcy, amounted to a judicial sale. In such case the adjudication is the foundation of the title. The title relates to and rests upon the adjudication. The assignee takes as a purchaser through the court. The transfer of the title follows the judgment of the court, and the assignee's title is derived through, and rests upon, the judgment and proceedings of the court and nothing else. Such a transfer of the bankrupt's real estate to his assignee may be held to be a judicial sale within the meaning of the act of 1875, though the question is not altogether free from difficulty. But in the case before us the contract is the foundation upon which the appellant's title rests, and from which it is derived, and to which the proceedings of the court relate. The title does not rest upon the judgment of the court in any proper sense. The judgment and decree of the court simply enforce the rights of the party, and are designed to compel the consummation of a contract, and nothing more. The definition of such a proceeding is, to compel the specific performance of a contract by the party bound to perform. Waterman Specific Performance, p. 1. It is obvious that in the case before us, unless the appellant took by the deed of the commissioner appointed to convey to him all that Bloomfield White agreed to sell and could have conveyed, he did not get what he bargained for, and the contract is still unperformed. The contract was lawful, and the parties should abide by it. It did not impair the appellee's rights, nor did the coerced performance have the effect to enlarge her rights.

We think the court erred in its conclusions of law, and that the judgment below should be reversed.

Per Curiam.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.