GEORGE A. CHAPIN & another, petitioners.

Suffolk.   January 29, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Devise in Trust — Termination — Equitable Conversion.*

A testator, by his will, devised real estate in trust, the net income to be paid to his children and the issue of any deceased child by right of representation, and provided that, if at the end of ten years a majority of his children then living so desired, the trustees should sell the real estate and divide the net proceeds equally among all his children then living and the issue of any deceased child by right of representation, and until such sale they were to hold the estate and divide the net income as above stated; and if no sale was made during the lives of his children, then at the death of the surviving child the estate was to be sold and the net proceeds divided among his grandchildren *per stirpes*. The testator owned an undivided half of a wharf estate, of which, within ten years after his death, partition was duly made by a sale upon the petition of his cotenants, and one half of the proceeds was paid to the trustees. *Held*, that the trust was to continue for at least ten years after the testator's death, and that such proceeds must be regarded as real estate for the purposes of the trust.

PETITION IN EQUITY, by the trustees under the will of David Chapin, who died on February 29, 1880, against his children and grandchildren, for instructions as to the distribution of a trust fund. The will, which was duly admitted to probate on March 29, 1880, contained the following provisions, which alone are material:

"I give and devise all my real estate, wheresoever situated, to my two sons, George A. Chapin and Charles E. Chapin, and their assigns, and to the survivor of them, his heirs and assigns, or to the one of them who shall accept the trust, his heirs and assigns, but in trust, nevertheless, to hold and manage the same, . . . to divide and pay over the net income remaining at least once in six months among and to my children who shall be living and the issue of any deceased child by right of representation, the shares of my daughters to be paid to them for their own use, upon their own personal receipts. . . . If at the expiration of ten years, or at any time thereafter, a majority of my children then living shall desire the said real estate to be sold, the said trustees or surviving or acting trustee shall sell the said real estate at public auction or private sale, as the majority of my children then living shall decide, and shall convey the same to the purchasers or purchaser, and the approval of such deed or conveyance by a majority of my children then living shall be the evidence of their desire of and consent to such sale. Whenever such sale shall be made, the net proceeds shall be divided equally among all my children then living and the issue of any deceased child by right of representation, first deducting from their respective shares any amounts due to me or to my estate from my said children, but until such sale shall be made the said trustees shall continue to hold and manage the said real estate, and to divide the net income in manner aforesaid. In case no sale shall be made during the lives of my children, I direct that on the decease of my last surviving child, or so soon thereafter as conveniently may be, the said real estate shall be sold by the then acting trustees or trustee at public auction, and the net proceeds, subject to the deductions of any amounts due to me or my estate as aforesaid, be divided among my grandchildren *per stirpes*, and not *per capita*, the issue of any deceased grandchild taking the share of the deceased parent."

The petition alleged that a portion of the real estate devised to the trustees was one undivided half part of an estate known as Liverpool North Wharf, on Atlantic Avenue, in Boston; that the persons to whom the net income from the trust estate was then payable consisted of two sons and three daughters of the testator, and two sons of a deceased daughter; that a petition for partition of such wharf property was duly filed in the Probate Court by tenants in common thereof other than the trustees; that the judge of probate appointed commissioners to make partition, who sold the whole of the wharf property on the ground that it could not advantageously be divided, and paid over to the trustees one half part of the proceeds of the sale, less charges and expenses, amounting to $62,276.38; that the trustees then held such amount in their hands; that certain of the beneficiaries under the trust contended that they were entitled to receive shares of the proceeds of such sale in the proportion in which they were now entitled to receive the income from the trust estate; but that certain others of such beneficiaries contended that the proceeds of the sale should be held by the trustees until after the expiration of the ten years named in the will, and that not until the end of that time could it be determined who should be entitled to the same. The three daughters of the testator filed an answer, which alleged that they were a majority of the children then living of the testator, and that they desired the distribution of the proceeds of the sale of the wharf property to the persons entitled to the same under the will.

Hearing before *W. Allen*, J., who made a decree that the proceeds of the sale of the wharf property were to be held by the trustees, and that the income only was to be paid to those entitled to the income of the real estate held in trust under the will. The three daughters of the testator appealed to the full court.

*H. S. Dewey*, for the petitioners.

*E. W. Hutchins*, for the daughters.

*W. S. Frost*, for certain other respondents.

MORTON, C. J. The testator, who died in 1880, by his will devised all his real estate to trustees, upon trust to pay the net income to his children and the issue of any deceased child by right of representation. The will further provides, that if, at

the expiration of ten years, a majority of his children then living shall desire it, the trustees shall sell the real estate and shall divide the net proceeds equally among all his children then living and the issue of any deceased child by right of representation, and until such sale is made the trustees shall hold the estate and divide the net income in manner aforesaid. And if no sale is made during the lives of his children, then at the death of the surviving child the estate shall be sold, and the net proceeds divided among his grandchildren *per stirpes*.

It is perfectly clear that the testator intended that the trust should continue for at least ten years after his death. There is nothing in the will which suggests that he contemplated an earlier termination of the trust in any contingency. It is also clear that the children now living have a contingent interest only in the trust fund, and that those who will ultimately take cannot be determined until the period of distribution arrives. The trust cannot be terminated, in whole or in part, without defeating the intentions of the testator.

The testator owned at his death an undivided half of a wharf estate in Boston. Upon the petition of his cotenants, partition of this estate was made under our statutes, and under the order of the judge of probate the commissioners appointed to make partition sold the whole of the estate, being of opinion that the estate could not be advantageously divided, and paid to the trustees the proceeds of one undivided half. The rule is well settled, that in such case the proceeds of the real estate are to be held upon the same trusts as those upon which the real estate was held. The money takes the place of the real estate, and is affected by the same trusts as if it had remained specifically real estate. *Holland* v. *Cruft*, 3 Gray, 162. *Simonds* v. *Simonds*, 112 Mass. 157.

In the case at bar, therefore, the claim of some of the children that the proceeds of the wharf property should now be divided cannot be sustained. The period of distribution fixed by the testator has not arrived, and there is no certainty that the children now living will be living and entitled to a share of the trust fund when that period does arrive.

*Decree affirmed.*