WILLIAM T. HART & another, trustees, *vs.* ANGIE N. ALLEN
& others.

Suffolk. ·December 9, 1895. — May 20, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Devise and Legacy — Mortgage payable from Income of Trust — Mortgages
made by Order of Court for Benefit of Capital payable out of Capital.*

If, where a will directs that the income of the principal of a trust is to be applied
to the payment of a mortgage on the real estate which is a part of the trust,
and, after it has been satisfied, to the *cestui que trust* for life, the trustees con-
vey the real estate subject to the mortgage, which the purchaser assumes, the
trustees are to retain the net income, with accumulations already laid aside for
the payment of the mortgage, until it shall amount to a sum equal to the amount
of the mortgage, which sum shall then form a part of the principal of the trust,
the net income thereof to be paid to the beneficiary for life, if such appears to
be the intention of the testator as gathered from the provisions of the will.

After the death of the testator, two mortgages, one by the executors for the pay-
ment of debts and legacies, and the other by the trustees to pay the expenses
of "erecting, altering, completing, repairing, and improving the buildings of the

trust estate," were made pursuant to decrees of the Probate Court under stat-
utes which give to that court power in its discretion to "order the whole, or
any part, of the money secured by the mortgage to be paid, from time to time,
out of the income of the premises mortgaged," which decrees were not appealed
from. *Held*, that, so far as payment out of the income was concerned, it was a
matter within the jurisdiction of the Probate Court, and that, as the mortgages
were made for the benefit of capital, they were to be paid by the trustees when
they became due from any cash capital in their hands.

BILL IN EQUITY, filed November 16, 1894, by the trustees
under the will of Aaron H. Allen, to obtain the instructions of
the court as to the construction of the will. The case was heard
by *Knowlton*, J., and reserved by him for the determination of
the full court. The facts appear in the opinion.

The case was argued at the bar in December, 1895, and after-
wards was submitted on the briefs to all the judges.

*M. Williams*, for the trustees, read the papers in the case.

*R. Foster*, for the widow of the testator.

*J. Fox*, for the daughter of the testator.

*C. K. Fay*, guardian *ad litem*, for minor grandchildren.

LATHROP, J. Aaron H. Allen, who died June 23, 1889, left
a widow, and a married daughter who has four children.

The will, after making certain specific bequests and devises,
by the third article gives to the trustees all the residue of the
estate, both real and personal, in trust:

1. To apply the proceeds of the sale of the personal property
to the payment of the mortgage on an estate on Beacon Street,
Boston, and to apply the remainder to the payment of a mort-
gage on a house in Brooklyn, New York; "and if, after the
payment and satisfaction of said two mortgages, there is any of
the proceeds of said personal property remaining, then to apply
the same to the payment of any of the mortgages on my other
real estate."

2. To receive and collect the rents, profits, and income of the
real estate, "and of the proceeds of any of said real estate which
my said trustees may sell, and after payments of all expenses,"
etc., to pay various annuities mentioned.

3. "To pay one half the remainder of the net income of said
trust estate to my wife, Angie N. Allen, during her natural life,
and to pay one fourth thereof to my daughter, Evelyn Maynard
Dalley, during her natural life: the remaining one fourth part of

said net income is to be applied by my said trustees to the payment of the mortgages and encumbrances on the real estate held by them in trust, in such manner as they think best, until all said mortgages and encumbrances are paid off and satisfied, and the said trust estate is free and clear therefrom; and then said one fourth is to be paid to my daughter during her life."

The seventh clause of the will is as follows: " The trustees and executors hereinafter named and their successors or successor in said trust shall have full power to manage and control the trust property, to change investments from time to time, and to reinvest the proceeds of the sale of any real estate in real or personal property, to sell either at public or private sale, lease or exchange for such consideration, and on such terms as they see fit, any property real or personal of which the trust estate may at any time consist, and execute any deed or instruments of or concerning the same; and no purchaser from them shall be bound to see to the application of the purchase money."

At the time of the testator's death there were two mortgages upon his property, one for $10,000 on a building in Charlestown, and one for $20,000 on an estate in Boston. The mortgage for $10,000 has since been paid from the accumulation of income, as directed in the will. On May 17, 1894, the trustees sold and conveyed the estate in Boston to a purchaser for $37,500. The conveyance was made subject to the mortgage for $20,000 above referred to, and the purchaser, by the terms of the deed, agreed to assume and pay this mortgage as part of the consideration, and this mortgage, since the filing of the bill, has been paid in this manner.

The question before us is whether the event has happened upon which the daughter is entitled to receive one half of the income instead of one fourth. We are of opinion that the event has not happened, and that it is the duty of the trustees to retain one fourth of the net income until, with its accumulations, it shall amount to the sum of $20,000, which sum should then form a part of the principal of the trust.

The testator has manifested a clear intent to have the mortgages paid off in a certain way, namely, by the accumulation of one fourth of the trust fund, and to keep intact the corpus of the trust, and we are of opinion that it was his intention to

postpone the payment of this one fourth of the income to his daughter until the accumulation of it was sufficient to satisfy the remaining mortgages. The general power which is given by the seventh clause of the will to manage and control the trust property, and to sell real or personal property, is simply a power to change investments; and the effect of a sale of real estate is to make the money derived from it subject to the same trusts as if the real estate had not been sold. *Chapin, petitioner,* 148 Mass. 588, and cases cited.

The English cases relied upon by the counsel for the daughter seem to us distinguishable from the case at bar. The leading case is that of *Tewart* v. *Lawson,* L. R. 18 Eq. 490. In this case the testator had devised his real estate to trustees in trust for his son for life, with remainder to his grandson for life, and his sons in tail; but he provided that the rents and profits should be received by the trustees, and applied in liquidation of debts due at his decease, until they should be paid. He further provided that no person to whom any estate for life or in tail was limited should receive any of the rents or profits until the estate was totally clear of debts; and the trustees were directed to accumulate the rents and profits and apply them to the payment of the debts. The trustees, from time to time, sold portions of the real estate under orders of the court, and with the proceeds paid off most of the debts, and had on hand an accumulation to satisfy the remaining debts. Thereupon the life tenant applied to be let into possession of the real estate under the will. This application was granted. In the case at bar the mortgage was paid from the sale of a part of the real estate by the trustees of their own motion, and was not paid at the instance of creditors, nor under any order of the court. The payment of the mortgage out of the principal of the fund would be contrary to the testator's direction and intention.

*Tewart* v. *Lawson* was followed with reluctance in *Norton* v. *Johnstone,* 30 Ch. D. 649. In this case the mortgagees foreclosed and sold the real estate, but in the case at bar the trustees acted of their own motion.

The case of *Baldock* v. *Green,* 40 Ch. D. 610, which adopts the principle of *Tewart* v. *Lawson,* depends upon its peculiar facts. The testator bequeathed to his wife, subject to the pay-

ment of his debts, all the cash in his house at the time of his death, and directed that, in case such money should be insufficient for such payment, the deficiency should be paid out of the rents, dividends, and annual proceeds of all his estate. He also specifically bequeathed property to his wife during her life, and appointed her his executrix, and she paid his debts in part out of the corpus of his estate. It was held that she could not be called upon to recoup the corpus out of the income of the property specifically bequeathed to her.

One other question is raised by the bill. It appears that after the testator's death two mortgages were made, one by the executors for the payment of debts and legacies, and the other by the trustees to pay the expenses of " erecting, altering, completing, repairing, and improving the buildings of the trust estate." These mortgages were made pursuant to decrees of the Probate Court under statutes which give to that court the power in its discretion to " order the whole, or any part, of the money secured by the mortgage to be paid, from time to time, out of the income of the premises mortgaged." Pub. Sts. c. 134, §§ 19, 20; c. 141, §§ 23, 24. St. 1889, c. 66. These decrees were not appealed from ; and, so far as payment out of the income is concerned, it is a matter within the jurisdiction of the Probate Court, and is not before us. The mortgages were made for the benefit of capital, and no reason appears why they should not be paid out of capital.

The following five questions were propounded by the trustees in the bill for instructions :

" 1. Was Evelyn M. Dalley entitled from and after said sale and conveyance to receive one half of the net annual income of the trust estate during the rest of her natural life?

" 2. If she is not so entitled at once, upon what terms will she become so entitled?

" 3. If she is not so entitled at once, what shall the trustees do hereafter with the fourth of the net annual income of the trust heretofore set aside by them for the payment of mortgages and encumbrances?

" 4. What shall the trustees do with the said sum of money which they have accumulated by setting aside annually one fourth of the net annual income for the payment of mortgages?

" 5. When said two mortgages, made by the executors and the trustees, fall due, can the trustees pay the same from any cash capital in their hands; and if said Evelyn M. Dalley is not now entitled to receive annually the one quarter of the net annual income hitherto applied to the reduction of the mortgages, will she become so entitled after said two mortgages are paid?"

These questions should be answered thus:

" 1. No.

" 2. When the remaining one fourth part of the income has accumulated until it amounts to $20,000.

" 3. The trustees should allow one fourth of the net annual income to accumulate until it amounts to $20,000, and then add it to the principal.

" 4. The trustees should keep as principal what has been already accumulated as a sum accumulated on account for the payment of the mortgage.

" 5. When the two mortgages executed respectively by the executors and by the trustees become due, the trustees may pay the same from any cash capital in their hands."

*Decree accordingly.*